UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT B. STOWE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>LSF9 MASTER PARTICIPATION TRUST, et al.,<br><br>    Defendants. | Case No. 16-cv-00436-MEJ<br><br>**ORDER GRANTING PLAINTIFFS' APPLICATION TO PROCEED IN FORMA PAUPERIS**<br><br>**REPORT & RECOMMENDATION** |

## INTRODUCTION

On January 25, 2016, Plaintiffs Robert B. and Lyudmilla V. Stowe ("Plaintiffs") filed a Complaint and an Application to Proceed In Forma Pauperis. Compl., Dkt. No. 1; Appl., Dkt. No. 3. For the reasons stated below, the Court **GRANTS** the Application to Proceed In Forma Pauperis. As Plaintiffs did not yet consent to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), the Clerk of Court shall **REASSIGN** this case to a District Judge, with the recommendation that the Complaint be **DISMISSED WITH LEAVE TO AMEND**.

## BACKGROUND

Although they do not state any causes of action, Plaintiffs appear to challenge the foreclosure of their residential mortgage and subsequent trustee sale of their residence. They allege JP Morgan Chase Bank "sold a 1st Mortgage Loan, that was in my wife's name, to LSF9 Master Participation Trust and the loan servicing to Caliber Home Loans" on February 26, 2015. Compl. at 6. Caliber Home Loans subsequently "put the loan into foreclosure." *Id.* Although their home was scheduled for auction on July 2, 2015, they submitted a loss mitigation package to Caliber, and the auction was called off. *Id.* Plaintiffs submitted a second loss mitigation package

to Caliber on September 23, 2015. *Id.* However, their home was sold at auction on September 24, 2015. *Id.* Plaintiffs bring their Complaint against Defendants LSF9 Master Participation Trust, Caliber Home Loans, Trustee Corps, and US Bank Trust, alleging the auction was wrongful and should not have occurred.

## APPLICATION TO PROCEED IN FORMA PAUPERIS

Pursuant to 28 U.S.C. § 1915, a district court may authorize the commencement of a civil action in forma pauperis if it is satisfied that the would-be plaintiff cannot pay the filing fees necessary to pursue the action. 28 U.S.C. § 1915(a)(1). Here, Plaintiffs submitted the required documentation, and it is evident from the application that the listed assets and income are insufficient to enable Plaintiffs to pay the filing fees. Accordingly, the Court GRANTS the Application to Proceed In Forma Pauperis.

## SUA SPONTE SCREENING UNDER 28 U.S.C. § 1915(e)(2)

### A.  Legal Standard

A district court must dismiss the complaint of an in forma pauperis applicant if it determines the complaint is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). To make this determination, courts assess whether there is a factual and legal basis for the asserted wrong, "however inartfully pleaded." *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). Further, district courts have the authority to dismiss complaints founded on "wholly fanciful" factual allegations. *Id.* at 1228.

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that the complaint set forth a "short and plain statement of the claim showing the pleader is entitled to relief." Rule 8(d)(1) requires that each allegation in a pleading be "simple, concise, and direct." *See McHenry v. Renne*, 84 F.3d 1172, 1177, 1179 (9th Cir. 1996) (affirming dismissal of complaint that was "argumentative, prolix, replete with redundancy, and largely irrelevant"). In addition, the complaint must include facts which are "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 555 (2007). For instance, in *Ashcroft v. Iqbal*, the Supreme Court rejected conclusory

1  assertions that "petitioners 'knew of, condoned, and willfully and maliciously agreed to subject
2  [him]' to harsh conditions of confinement 'as a matter of policy, solely on the account of [his]
3  religion, race, and/or national origin and for no legitimate penological interest.'" 556 U.S. 662,
4  680 (2009). The Court reasoned that such allegations were akin to the "formulaic recitation of the
5  elements" dismissed in *Twombly*, and therefore, insufficient to meet Rule 8(a). *Id.* In doing so,
6  the Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that
7  allows the court to draw the reasonable inference that the defendant is liable for the misconduct
8  alleged." *Id.* at 678.

When dismissing a case, the Ninth Circuit has "repeatedly held that a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). Pro se pleadings are liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Thus, unless it is clear that no amendment can cure the defects of a complaint, a pro se plaintiff proceeding in forma pauperis is entitled to notice and an opportunity to amend before dismissal. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987).

**B.    Application to the Case at Bar**

Having reviewed their Complaint, the Court finds Plaintiffs may have one or more viable claims against some or all of the four named Defendants, yet they do not identify which Defendant they propose to hold liable for each such claim. While Plaintiffs do directly link some individual Defendants to some of their allegations, for the most part they do not allege facts showing what each of the four named Defendants did or failed to do. Further, Plaintiffs do not allege any specific claims, instead stating generally that the Court has federal question jurisdiction pursuant to "§1331 title 28 chapter 85," and seeking $15,000 in compensation "because of monies spent of defending ourselves in a Unlawful Detainer action," as well as requesting the Court "invalidate the auction." Compl. at 4, 8.

In sum, even when Plaintiffs' claims are liberally construed, they fail to provide adequate information for the Court to determine whether the allegations in the Complaint state cognizable

3

claims for relief with respect to each of the four named Defendants. Despite this, the Court recognizes that it may not "dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (citation omitted). Therefore, given Plaintiffs' pro se status, the undersigned finds it appropriate to grant Plaintiffs leave to file an amended complaint in which they clearly link each Defendant to the alleged injury, or injuries, for which that Defendant is alleged to be responsible. To comply with Rule 8(a), Plaintiffs must include (1) a short and plain statement of the grounds for the court's jurisdiction; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought. A pleading may not simply allege a wrong has been committed and demand relief; it must state allegations supporting the elements of the claim plainly and succinctly. Plaintiffs must allege with at least some degree of particularity the facts in which each of the named Defendants engaged to support their claims. *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984).

## CONCLUSION

Based on the analysis above, the Court **GRANTS** the Application to Proceed In Forma Pauperis. As Plaintiffs did not yet consent to the jurisdiction of a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), the Clerk of Court shall **REASSIGN** this case to a District Judge, with the recommendation that the Complaint be **DISMISSED WITH LEAVE TO AMEND**.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this Report and Recommendation within 14 days after being served.

The Court advises Plaintiffs that they may wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982, or by signing up for an appointment on the 15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available online at: http://cand.uscourts.gov/helpcentersf.

Plaintiffs may also wish to obtain a copy of the district court's *Handbook for Litigants Without a Lawyer*. It provides instructions on how to proceed at every stage of your case,

4

including discovery, motions, and trial.  The handbook is available in person at the Clerk's Office and online at: http://cand.uscourts.gov/prosehandbook.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: February 10, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge